UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,
      APPELLEE,

V.                                  CASE NO. 07-6020, 07-6100

DARRICK JERMAINE LONDON,
      APPELLANT,

## REQUEST FOR REHEARING AND/OR REHEARING ENBANC

    Now comes the appellant, Darrick Jermaine London, pro-se, in the above styled cause, and request this honorable court to grant him a rehearing and/or rehearing enbanc in reference to the denial of the appeal of the present case. The appellant states the following to wit in support:

    The appellant, having received this court's order denying his appeal, in an order dated September 20, 2007, now request this honorable court to grant him a rehearing and/or rehearing enbanc to correct this court's denial of the appeal. The appellant contends that the panel's ruling denying the appeal is contrary to the law established in the Supreme Court in refence to application of the Unique Circumstance Doctrine as set out in Thompson v INS, 375 U.S. 384 (1964). The Supreme Court has not overruled its ruling in Thompson and the Supreme Court's ruling in Bowles v. Russell, 127 S.Ct. 2360, 2366 (2007), has not repudiated the ruling in Thompson as asserted by this court in its order denying the appeal, after granting a panel rehearing.

1

The appellant contends that rehearing and/or rehearing enbanc is warranted to correct the error committed by the panel in this case to prevent a manifest injustice, and further compliance to established law from the Supreme Court. The appellant has set out his argument and memorandum of law below.

## ARGUMENT AND MEORANDUM OF LAW

The appellant brings to this court's attention that it was correct in granting his request for a panel rehearing, withdrawing its prior order issued August 10, 2007, and amending its order. The appellant brings to the court's attention that it erred in denying his a Certificate of appealability (COA) by dismissing the appeal on the erroneous assertion that the Supreme Court's ruling on the application of the Unique Circumstances Doctrine has been overruled and expressly repudiated by its ruling in <u>Bowles v. Russell</u>. A rehearing on this matter by a different panel or the court en banc is warranted to resolve the error.

The present case invovles the appellant's request for a COA in reference to the denial of his habeas corpus motion filed in the district court pursuant to Title 28 U.S.C. § 2255, the district court's denial of the habeas corpus motion, and the district court's denial of the appellant's appeal (COA) request from the district as being untimely. See, Court's order dated September 20, 2007, at pg. 2. The appellant has presented the fact that any untimeliness in his notice of appeal (COA) request being filed in the district court was the result of the district court's error in failing to provide him a copy of its May 15, 2006 order denying his habeas corpus motion. See, Motion requesting request for reconsideration of the denial of the appeal, at pg. 4.

This panel reviewed the facts and arguments set out by the appellant in his motion requesting reconsideration, and acted with wisdom and granted the appellant a panel rehearing. This court also failed to fully and fairly review the facts of the appellant's claims on the application of the Unique Circumstance Doctrine in dismissing the appeal after granting the panel rehearing. Relevant here, is the Supreme Court's ruling in <u>Bowles v. Russell</u>, where the Supreme Court has not overruled <u>Thompson</u> and the application of the Unique Circumstance Doctrine, nor has it repudiated the ruling in any way. Id. <u>Bowles v. Russell</u>, supra. Although, the ruling in <u>Bowles v. Russell</u> is a case involving the application of the Unique Circumstance Doctrine, the Doctrine as established by the Supreme Court in <u>Thompson</u> still stands. Id. <u>Thompson v. INS</u>, supra., and <u>Bowles v. Russell</u>, supra.

The law has long since been established that district courts and circuit courts must follow the precedents of the Supreme Court, no matter how misguided the judge of the court may think it is. See, <u>Hutto v. Davis</u>, 454 U.S. 370, 375 (1992). The Supreme Court further discussed the reason for adhering to precedent. See, <u>Moragne v. States Marine Lines</u>, 389 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970). The Supreme Court stated in <u>Moragne</u> in part:

> "Among these are the desirability that the law furnish a clear guide for the conduct of individuals, to enable them to plan their affairs with assurance against untoward surprise; the importance of furthering fair and expedious adjudication by eliminating the need to relitigate every relevant proposition in every case; and the necessity of maintaining public faith in the judiciary as a source of impersonal and reasoned judgments."

Id. at 403, 90 S.Ct. at 1789.

The principles established by the Supreme Court in reference to the necessity of maintaining public faith in the judiciary as a source of impersonal and reasoned judgements will be everserated if this court allows the panel's error that the Supreme Court's established law on the application of the Unique Circumstance Doctrine has been overruled by the decision in <u>Bowles v. Russell</u> to stand.

The Supreme Court's ruling in <u>Bowles v. Russell</u> is different and dispositive from the Supreme Court's ruling in <u>Thompson</u> in reference to the application of the Unique Circumstance Doctrine. In order to prevent a manifest injustice, this honorable court must vacate this panel's order dismissing the appeal, and grant the appellant a rehearing and/or rehearing enbanc in order to correct the error of the panel's determiantion that the Supreme Court's established law on the application on the Unique Circumstance Doctrine has been overruled and repudiated by the ruling in <u>Bowles v. Russell</u>.

Wherefore, the appellant request this honorable court to vacate the order dismissing his appeal and grant his request for a rehearing and/or rehearing enbanc in order to correct the panel's error on the established law in reference to the application of the Unique Circumstance Doctrine.

Respectfully Submitted,

*Darrick London*

Darrick Jermaine London, Pro-se
#28382-077
FCC Coleman-USP-1
P.O. Box 1033
Coleman, Florida 33521-1033

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been forwarded to the following parties listed below by way of United States Mail on this 11th day of OctobER 2007.

United States Attorneys Office
210 W. Park Avenue
Suite 400
Oklahoma City, Oklahoma 73102

_Darrick London_
Darrick Jermaine London, Pro-se

FILED
United States Court of Appeals
Tenth Circuit

September 20, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent-Appellee,<br><br>v.<br><br>DARRICK JERMAINE LONDON,<br><br>Petitioner-Appellant. | No. 07-6020, 07-6100<br>Western District of Oklahoma<br>(D.C. No. 03-CV-01199-L) |

**ORDER**

Before **BRISCOE**, **EBEL**, and **McCONNELL**, Circuit Judges.

This matter is before the court on appellant Darrick London's Petition for Panel Rehearing. Upon consideration of the petition, the panel grants the petition and withdraws its prior Order issued August 10, 2007. The attached amended Order is issued in its place.

Entered for the Court

Elisabeth A. Shumaker, Clerk

FILED
United States Court of Appeals
Tenth Circuit

September 20, 2007

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent-Appellee,<br><br>v.<br><br>DARRICK JERMAINE LONDON,<br><br>Petitioner-Appellant. | No. 07-6020, 07-6100<br>Western District of Oklahoma<br>(D.C. Nos. 03-CV-01199-L and<br>CR-00-4-L) |

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Darrick Jermaine London, a federal prisoner proceeding *pro se*, seeks a certificate of appealability (COA) that would allow him to appeal from each of two district court orders relating to his habeas corpus petition under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(B). Because we conclude that Mr. London has failed to make "a substantial showing of the denial of a constitutional right," we deny his request for a COA and dismiss the appeal. *Id.* § 2253(c)(2).

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

## Background

In 2000, Mr. London pleaded guilty to one count of conspiracy to possess cocaine with intent to distribute and was sentenced to life in prison.

After an unsuccessful direct appeal challenging the legality of his plea agreement, Mr. London sought habeas relief under § 2255 in a petition filed August 28, 2003. The district court denied his habeas petition on March 24, 2006. On April 17, 2006, Mr. London moved to alter or amend that judgment. On May 15, 2006, the district court denied Mr. London's motion to amend as untimely and, at any rate, unmeritorious. Mr. London did not appeal either of these orders.

On December 12, 2006, Mr. London filed a motion under Rule 4(a)(6) of the Federal Rules of Appellate Procedure asking the district court to reopen the time to file an appeal. The district court denied the motion on December 27 on the ground that it did not meet the timeliness requirement of Rule 4(a)(6)(A). Mr. London now seeks a COA so he can appeal that decision.

On March 1, 2007, while his application for COA was pending in this Court, Mr. London filed an "Omnibus Motion for Relief" urging the district court to reconsider its December 27 order in light of rules that permit district courts to grant relief from a judgment for a party's "excusable neglect." The district court denied this motion on March 26, 2007. Mr. London has applied for COA on this decision as well. The appeals have been consolidated for our consideration.

## Discussion

The district court's order denying Mr. London's motions may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When, as here, the

> the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

To the extent Mr. London seeks a COA to appeal the district court's March 24, 2006 order, denying his § 2255 petition, his COA application is untimely and is dismissed for lack of jurisdiction. "This Court can exercise jurisdiction only if a notice of appeal is timely filed." *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1239 (10th Cir. 2006). Under Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure, Mr. London's time to appeal the March 24, 2006, order expired on May 23, 2006. He failed to seek a COA before that date. He is therefore time-barred from appealing that order. In contrast, Mr. London did appeal the district court's December 27, 2006, and March 26, 2007, orders within

the respective thirty-day deadlines. We therefore have jurisdiction to entertain those appeals.

We conclude that reasonable jurists could not debate the appropriateness of the district court's orders denying Mr. London's motions to reopen pursuant to Fed. R. App. P. 4(a)(6). District courts are free to grant leave to file a late appeal only if several conditions are met. Among those conditions, Rule 4(a)(6)(A) requires that motions be "filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice . . . of the entry, *whichever is earlier.*" Fed. R. App. P. 4(a)(6)(A) (emphasis added). Mr. London asserted that he did not receive notice until December 10, 2006, so he should have had until December 17, 2006, to seek relief. But the second of these alternate deadlines—180 days from the district court's order—elapsed on November 13, as the district court correctly calculated. Therefore, the plain language of Rule 4(a)(6)(A) barred both of Mr. London's motions under this rule, and equitable tolling cannot allow motions beyond the 180-day limit. "[N]othing within Rule 4(a)(6) indicates it is permissive or that its limitations may be waived for equitable reasons. The 180-day limitation . . . is specific and unequivocal." *Clark v. Lavallie*, 204 F.3d 1038, 1040 (10th Cir. 2000).

Mr. London cited several other rules in support of his Omnibus Motion for Relief, but the district court committed no reversible error by denying the motion. Mr. London asserts that the district court should have relied on Rules 60(b)(1) &

60(b)(6) of the Federal Rules of Civil Procedure to grant relief from the court's adverse habeas corpus ruling. These sections respectively allow relief for "mistake, inadvertence, surprise, or excusable neglect," and for "any other reason justifying relief." Fed. R. Civ. P. 60(b). Mr. London argues that his failure to learn about entry of judgment was excusable neglect. This Circuit, however, has ruled that Fed. R. Civ. P. 60(b) cannot be used to circumvent deadlines imposed by Fed. R. App. P. 4(a)(6), which was more recently amended. *See Lavallie*, 204 F.3d at 1040; *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1010 (10th Cir. 2000).

Mr. London also claims that *Thompson v. INS*, 375 U.S. 384 (1964), and the unique circumstances doctrine should excuse any untimeliness. This doctrine, however, was expressly repudiated, and *Thompson* was expressly overruled, by *Bowles v. Russell*, 127 S. Ct. 2360, 2366 (2007). This argument is therefore unavailing.

## Conclusion

A plain procedural bar was correctly invoked by the district court. Therefore "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484. Accordingly, we **DENY** Mr. London's request for a COA and **DISMISS** this appeal.

Petitioner's motion to proceed *in forma pauperis* is also **DENIED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge